IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00354-BO

**Henry Hallager**,

               Plaintiff,

v.

**Account Resolution Services, LLC and Experian Information Solutions, Inc.,**

               Defendants.

**Scheduling Order**

After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 20), the Court enters the following scheduling order:

    **1.**    **Scope of Discovery**

The scope of discovery in this matter is limited to the issues identified in Paragraph 3(a) of the Rule 26(f) Report.

    **2.**    **Initial Disclosures**

If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Friday, January 08, 2021.

    **3.**    **Discovery Plan**

    a.    All discovery shall be initiated in time to be completed by Friday, July 16, 2021.

    b.    Each party may serve on any other party up to 25 interrogatories, including all discrete subparts.

    c.    Any objection to Interrogatories or Requests for Production shall be stated with particularity. Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

    d.    Each party may serve on any other party up to 40 Requests for Admission pursuant to Rule 36.

e. Each party may take up to five depositions, including expert witnesses and depositions pursuant to Rule 30(b)(6). Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day. Time taken for breaks and recesses shall not count towards the hour limit.

**4. Expert Reports**

a. The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

  i. Plaintiff's disclosures shall be made no later than Monday, May 17, 2021.

  ii. Defendant's disclosures shall be made no later than Thursday, June 17, 2021.

**5. Amendment of Pleadings and Addition of Parties**

a. Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b. The Plaintiff shall file a motion to amend the pleadings or join additional parties no later than Monday, February 01, 2021.

c. The Defendant shall file a motion to amend the pleadings or join additional parties no later than Tuesday, February 16, 2021.

**6. Protective Orders**

Any proposed protective orders that discuss filing materials under seal must comply with Local Civil Rule 79.2 and the presiding judge's practice preferences. Failure to include the necessary language will result in the court denying the motion without prejudice.

**7. Dispositive Motion Deadline**

The parties shall file any dispositive motions by Monday, August 16, 2021.

**8. Alternative Dispute Resolution**

a. The parties shall participate in a mediated settlement conference prior to the end of the discovery period. The parties have identified Rene S. Trehy as their agreed-upon mediator within 21 days from the date of this order. If the parties fail to notify the court of their agreed-upon mediator by this deadline, the Clerk of Court may appoint a mediator.

> b. If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

> c. If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

**9. Trial Date and Related Deadlines**

The trial date and related deadlines will be set by separate order at a later date. However, the court reserves the right to schedule the case for trial as soon as 30 days after the dispositive motion deadline.

**10. Discovery of Electronically Stored Information**

The parties do not believe that this case is suitable for electronic discovery but are amenable to producing discoverable electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer amongst themselves regarding any additional exchange or production that the parties believe is necessary.

**11. Extensions of Time to Respond to Discovery Requests**

Under Rule 29(b) of the Federal Rules of Civil Procedure the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial. Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

**12. Consent to Magistrate Judge Jurisdiction**

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate. The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated: January 7, 2021

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge