IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-354-BO

| | | |
|---|---|---|
| HENRY HALLAGER,<br>               Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| ACCOUNT RESOLUTION SERVICES,<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>               Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

This cause comes before the Court on defendant Account Resolution Services, LLC's motion to dismiss pursuant to Rules 4(m), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this Court on July 2, 2020, alleging claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, *et seq.* [DE 1]. Summons were issued on July 6, 2020. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiff was required to effect service on the defendants within ninety days of the filing of the complaint, or September 30, 2020. Defendant Account Resolution Services (ARS) argues that it was not served until October 30, 2020, and that the summons and complaint were sent out for service on October 13, 2020. ARS has moved to dismissed the complaint due to plaintiff's failure to effect service within the ninety-day period provided by Rule 4.

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides that proper service must be effected on a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If proper service is not made within ninety days, the court must dismiss the action without prejudice after notice to the plaintiff or order that service be made within a specified time. *Id.* If the plaintiff has shown good cause, however, the court must extend the time for a reasonable period. *Id.* Good cause for failure to comply with Rule 4 generally is determined on a case-by-case basis and is within this Court's discretion. *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016).

The Court, in its discretion, determines that plaintiff has demonstrated that good cause exists for plaintiff having failed to effect service within the ninety-day period. In his opposition to the motion to dismiss,[1] plaintiff cites to the lack of prejudice to ARS because it has been served with the complaint and summons and has notice of the suit. Plaintiff further cites to the existence of the COVID-19 pandemic, the threat that the statute of limitations will have run if plaintiff's claims are dismissed, and finally the Fourth Circuit's strong preference that cases be decided on the merits. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993).

Accordingly, the Court grants plaintiff's request to extend the time to effect service on ARS and deems plaintiff's service on ARS as timely.[2] ARS's motion to dismiss is denied.

---

[1] The Court notes that plaintiff's opposition was filed one day past the time provided in the Local Civil Rules, but it will consider the response in any event.

[2] Plaintiff, who is represented by counsel, is cautioned that repeated failures to comply with the time limits imposed by the Federal Rules of Civil Procedure and this Court's Local Civil Rules will not be treated favorably.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 14] is DENIED. The time for effecting service on defendant ARS is extended and plaintiff's service on ARS is deemed timely.

SO ORDERED, this __4__ day of *March*, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE