IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00354-BO

**Henry Hallager**,

        Plaintiff,

v.

**Account Resolution Services, LLC**,

        Defendant.

**Order**

    Plaintiff Henry Hallager has asked the court to issue a protective order related to his deposition by Defendant Account Resolution Services, LLC. He wants the court to relieve him from the obligation to appear at his deposition, which is scheduled for today. He also asks the court to order that his deposition take place by video. ARS says Hallager is not entitled to that relief. The court agrees with ARS.

    The Federal Rules of Civil Procedure authorize parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). But despite the broad scope of discovery, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1). A protective order may forbid certain discovery, set specific terms governing discovery, or limit the scope of matters that may be inquired into. *Id.* Hallager, as the party seeking the protective order, bears the burden of showing why it is entitled to the order. *Martin* v. *Bimbo Foods Bakers Distrib., LLC*, 313 F.R.D. 1, 6 (E.D.N.C. 2016).

Hallager has not shown good cause for the court to issue the protective order he requested. While he complains that ARS set his deposition unilaterally, a review of the record shows that ARS made numerous attempts to find a mutually agreeable date for his deposition. It was only after it could not get a straight answer from Hallager about his availability that it scheduled the deposition. Given that its good-faith effort to find a mutually agreeable date for the deposition failed, the court cannot fault ARS for choosing a date that enabled it to get the discovery it feels it needs to defend its case ahead of the discovery deadline.

There is also a dispute over how the deposition should occur. Hallager wants it to occur by video and ARS wants to take his deposition in person. Hallager generally points to the risks posed by the COVID-19 pandemic to support his claim, but he does not provide any specifics about why a remote deposition is necessary here. Given the availability of vaccines and knowledge of how to mitigate the risk of infection, just pointing to the existence of the virus does not establish good cause for a protective order. The court trusts the parties can work together to plan for the deposition to occur in a setting that minimizes the risks posed by the coronavirus. *See White* v. *Vance Cty*, No. 5:19-CV-00467-BO, 2020 WL 6335958 (E.D.N.C. Oct. 23, 2020).

So the court denies Hallager's Motion for a Protective Order. D.E. 34. The court orders Hallager to appear for a deposition on September 10, 2021, at Noon at a location ARS selects. The parties may agree to modify this date and time. If Hallager fails to appear as required, the court may sanction him under Rule 37(d)(3). These sanctions may include dismissal of this action. Fed. R. Civ. P. 37(b)(2)(A)(v).

ARS requests that the court require Hallager to pay the costs associated with cancelling today's deposition. It also asks the court to make him reimburse it for the fees and costs it incurred in connection with this motion. If Hallager opposes this request, he may file a response explaining

why ARS is not entitled to that relief under Rules 26(c)(2) and 37(a)(5) no later than September 17, 2021.

Dated: September 3, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge