UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| HENRY HALLAGER, ) | Case No: 5:20-cv-00354-BO |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ACCOUNT RESOLUTION SERVICES, ) | |
| LLC; EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF HENRY HALLAGER'S MEMORANDUM IN OPPOSITION TO DEFENDANT ACCOUNT RESOLUTION SERVICES, LLC'S REQUEST FOR FEES AND COST**

Plaintiff, Henry Hallager ("Plaintiff"), by and through his attorneys, respectfully submit this Memorandum of Law in opposition to Defendant Account Resolution Services' ("ARS" or "Defendant") Request for fees regarding the motion for a protective order. For the reasons below, Plaintiff opposes the request and respectfully request that the Court deny the request.

## I.     INTRODUCTION

At issue before this Court is the Defendant's request for frees and costs incurred with opposing Plaintiff's motion for a protective order, pursuant to Rules 26(c)(2) and 37(a)(5). Defendant also requested to be reimbursed for the cost of cancelling a deposition. While the Court denied the motion for protective order (in name), Defendant is not entitled to fees.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant's motion/ opposition to the Motion for protective order is heavy with irrelevant details and facts. Suffice it to say, the pertinent facts are concisely as follows. The deposition notice was served on August 20, 2021, setting a date for September 3, 2021, fourteen days later. Mr. Zemel, Plaintiff's lead counsel, was already scheduled for a mediation that day in another case. *Hightower v. Equifax Information Services LLC et al.* 3:20-cv-00441-BJD-MCR. Knowing that another attorney could attend the deposition, counsel reached out to the Plaintiff to confirm his availability. It was not until September 1, 2021, that Plaintiff reached out and confirmed that he was available. However, at that point, Plaintiff and counsel were unable to schedule a time to prepare for the deposition. This prompted counsel's email to Defendant that the date was no longer agreeable. [ECF 35-8]. Counsel then proposed an alternative date, September 17, 2021, which was still within the currently scheduled discovery deadline. Defendant stated that it would not agree to move the deposition and expected the Plaintiff to be there. [ECF 35-9]. In light of this response, to avoid the possibility of a motion for sanctions from Defendant, Plaintiff moved for a protective order to reschedule the deposition, which was never agreed upon by Plaintiff. [ECF 34].

## III.     ARGUMENT

Fed. R. Civ. P. 37(a)(5)(B) states that if a motion for protective order is denied, the court must require the movant to pay the party opposing the motion its reasonable expenses incurred.

2

"But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." A motion is substantially justified if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 n. 2, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *Hare v. Comcast Cable Communs. Mgmt., LLC*, 564 Fed. Appx. 23, 24 (4th Cir. 2014). Further, it is substantially justified "if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Sheets v. Caliber Home Loans, Inc.*, 2015 U.S. Dist. LEXIS 160616 (N.D. W. Va. Dec. 1, 2015) (*quoting Pierce*, 487 U.S. at 566). A "position can be justified even though it is not correct." *Pierce*, 487 U.S. at 566 n. 2.

When determining whether an award of expenses would be unjust, the Court may consider four factors: 1) whether the non-complying party acted in bad faith, 2) the amount of prejudice that noncompliance caused the adversary, 3) the need for deterrence of the particular sort of non-compliance, and 4) whether less drastic sanctions would have been effective. *See Clay v. Consol Pa. Coal Co., LLC*, 2013 U.S. Dist. LEXIS 102896 (N.D. W. Va. July 23, 2013) (using the four factors to determine that an award of expenses was not unjust); *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

In *McDaniels v. State Auto Prop. & Cas. Ins. Co.*, 2016 U.S. Dist. LEXIS, at *13 (N.D. W. Va. May 12, 2016), the court denied plaintiff's motion to compel certain documents on the basis that they were protected by privilege. After denying the motion, the court analyzed whether an award of expenses was warranted. The court first found that plaintiff's presented good faith arguments regarding the documents. *Id*. at *15. Next, the court found, upon examination of the four factors, that an award of expenses would be unjust. Specifically, the defendant did not present any evidence that the plaintiff acted in bad faith or that it suffered any substantial prejudice in

defending the motion. *Id*. at *15-16. The court additionally noted that the plaintiff abided by the federal rules when filing the motion, including conferring with defendant in good faith, and that his conduct is not of the sort that must be deterred. *Id*. **Even when a party's good faith efforts were "half-hearted," if the position is "not patently unreasonable" at the time of the dispute, then an award of expenses is unjust**. *Flame S.A. v. Indus. Carriers*, 2014 U.S. Dist. LEXIS 136422, at *18 (E.D. Va. Sept. 25, 2014); *see also McNulty v. Casero*, 2020 U.S. Dist. LEXIS 110789, at *10 (D. Md. June 24, 2020) (finding fees were unjust where fault was on both sides, noting that the case was "another paradigmatic example of how the inability of counsel to work cooperatively creates vexatious litigation for the courts.").

By contrast, where a party's motion contains "substantial misrepresentations" that rest on "false and unreasonable assertions," costs may be awarded. *See Hare*, 564 Fed. Appx. at 25. In *Hare*, the district court found that counsel's failure to depose a key witness before the discovery deadline was attributed to a lack of timely efforts by counsel. *Id*. at 23. But the motion to compel asserted that the counsel was denied the opportunity to conduct the deposition through no fault of his own. *Id*.

In this case, like in *McDaniels*, Plaintiff had a good faith, reasonable basis for moving for a protective order. First, Plaintiff's lead counsel, Daniel Zemel, was unable to attend the deposition at the time Defendant unilaterally scheduled it. However, it was not until two days before the deposition that Plaintiff confirmed his attendance. At that point, counsel was unable to adequately prepare Plaintiff for his deposition due to prior conflicts and informed Defendant that the date would not work. Local counsel, while able to defend a deposition, is not lead trial counsel and was never tasked with the responsibility of preparing Plaintiff for a deposition that would in all likelihood be used at trial. Had Plaintiff proceeded with the deposition as scheduled, Plaintiff

4

would have been severely prejudiced by being unprepared for the deposition as articulated by Plaintiff in the moving motion. Upon notifying Defendant, with two days' notice, Defendant's counsel, insisted that the deposition move forward instead of moving the date to accommodate. Plaintiff's position was not unreasonable, as he offered an alternative date and would have been able to provide others if not for Defendant's refusal to engage in such discussion.[1] Thus, to avoid a sanctions motion by Defendant, Plaintiff was forced to move for a protective order. *See McAirlaids, Inc. v. Kimberly-Clark Corp.*, 2014 U.S. Dist. LEXIS 16398, at *19 (W.D. Va. Jan. 14, 2014) ("These motions and the court's orders reflect nothing more than the fact that the parties engaged in a strongly contested legal dispute with the attorneys acting in good faith to protect their clients' legal rights and interests.").

This position also has a reasonable basis in law, as the motion cited several cases with similar facts where the court granted the motion for a protective order. *See Seabrook Med. Sys. v. Baxter Healthcare Corp.*, 164 F.R.D. 232, 233 (S.D. Ohio 1995); *see also Lamar Adver. of S.D., Inc. v. Kay*, 2010 U.S. Dist. LEXIS 8734, at *3 (D.S.D. Feb. 2, 2010). In *Seabrook*, contact between the parties similarly broke down and counsel was unable to attend the deposition due to other court-ordered conferences. Likewise, counsel here was unable to attend and requested that the deposition be moved. Therefore, there was a reasonable basis in law for the request, despite the Court disagreeing as to the merits. In fact, the Court in part granted Plaintiff's request. As Defendant conceded that an alternative date of September 10, 2021 would work in its motion, the Court did not order the deposition to continue on September 3, 2021. For the record, the deposition occurred as ordered on September 10, 2021. Therefore, at the very least, under Fed. R. Civ. P.

---

[1] Defendant complains that the alternative date was the last day of discovery and a day in which mediation was scheduled. Had Defendant acted in good faith, the parties could have easily reached an amicable solution; instead, Defendant offered no position of compromise for a new date.

5

37(a)(5)(C), the Court should apportion the reasonable expenses for the motion because it was in part granted.

Plaintiff's second basis for requesting a protective order was the request to have the deposition conducted remotely, a reasonable request permitted by the federal rules. Specifically, Fed. R. Civ. P. 30(b)(4) provides that "parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means," with the specific goal of reducing costs. *See Jahr v. IU Intern. Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986). These requests should be "liberally granted" and should only be denied when an opponent makes a "particularized showing" of prejudice. *Id*. Defendant's argument that remote depositions are "decidedly less effective" does not demonstrate a particularized showing of prejudice, as "deny[ing] a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing" Rule 30(b)(4). *Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996) (*citing Jahr*, 109 F.R.D. 429)). By contrast, Plaintiff showed good cause for the request, as it not only saves in travel costs and time for all parties, but Plaintiff's counsel attended remotely regardless. Plaintiff's counsel also requested to conduct the deposition remotely based on Covid-19, which has been treated as a basis for conducting remote depositions and remote court hearings for nearly every single other case within counsel's docket.

Overall, Plaintiff's requests were substantially justified by case law, and at the very least not "patently unreasonable." Moreover, there is no evidence whatsoever that Plaintiff made "substantial misrepresentations" or "false and unreasonable assertions," like in *Hare*. *See* 564 Fed. Appx. at 25. However, even if not substantially justified, an analysis of the four factors determines that an award of fees and costs would be unjust. First, there is no evidence that Plaintiff acted in bad faith. The request was a simple adjournment, not a cancelling or any attempt to delay the

deposition in bad faith. In fact, aside from offering other dates, the deposition was conducted without a hitch on September 10, 2021, with Plaintiff being fully prepared. Similarly, the second factor is non-existent, as there was no substantial prejudice to opposing counsel. Counsel spent the same amount of time and effort preparing for a deposition and was able to timely conduct that deposition within the given discovery deadline.[2] The third factor, the need for deterrence of the particular sort of non-compliance, also weighs against sanctions, as the Court should not deter parties from being able to work around scheduling conflicts to be adequately prepared for a deposition. Further, in regards to the request to conduct the deposition remotely, it would be contrary to Rule 30, which specifically allows for such a request, to deter parties from making such a request. Finally, less drastic sanctions have already been effective, as Plaintiff was able to attend the deposition on September 10, 2021 without incident. For these reasons, all the factors weigh heavily against granting Defendant expenses.

One final note, Defendant has not provided any cost for having to reschedule the deposition, and any cost that it did incur was solely the result of Defendant stubbornly not agreeing to reschedule when Plaintiff's counsel informed it that the date was not mutually agreeable. Again, this notice came two days before the scheduled deposition. Plaintiff's counsel has scheduled hundreds of depositions and has never been charged a fee for cancelling more than a day in advance. As such, if Defendant incurred a fee for the rescheduled deposition, it was solely as a result of its own conduct, especially when it was able to request that the deposition occur on September 10, 2021, when it filed its motion on September 2, 2021. Defendant's failure to attach any invoice, clearly supports this proposition. In fact, Defendant's failure to attach any invoices

---

[2] It should be noted that the discovery deadline has now been extended to October 8, 2021, upon Plaintiff's request and over Defendant's opposition.

7

precludes Plaintiff from properly opposing Defendant's request for fees, as Plaintiff is not able to contest the amount of fees or whether such fees are reasonable.

## IV.     CONCLUSION

For the reasons herein, Plaintiff respectfully request that the Court deny Defendant's Request for Fees and Expenses.

Respectfully submitted this 17th day of September 2021.

Respectfully Submitted,

/s/Chad Diamond
Chad Diamond, Esq. N.C. Bar No. 40842
3356 Maywood Drive
Charlotte, North Carolina 28205
chad.diamond@gmail.com

/S/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
dz@zemellawllc.com
T: 862-227-3106

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2021 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

*/s/ Daniel Zemel*
Daniel Zemel, Esq.